IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01745-BNB

ROBERT L. FLOYD,

   Applicant,

v.

R. WILEY, ADX Warden,

   Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 12 2009

GREGORY C. LANGHAM
              CLERK

## ORDER OF DISMISSAL

Applicant Robert L. Floyd is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Floyd has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court must construe the application liberally because Mr. Floyd is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Floyd claims that his rights under the United States Constitution have been violated in connection with the BOP's use of the Inmate Financial Responsibility Program (IFRP) to require him to pay court-ordered restitution in his criminal cases. Mr. Floyd alleges that he was convicted of armed bank robbery in two different cases in the United States District Court for the Eastern District of Pennsylvania and that, as part of

both sentences, he was ordered to pay restitution. Mr. Floyd asserts that he has made restitution payments pursuant to the IFRP for several years. However, he contends that the BOP has increased the amount of the payments he has been required to make over time, that he no longer is able to make the required IFRP payments, that he has been placed on "refused status" for failing to make the required IFRP payments, and that various sanctions have been imposed on him because he no longer is making the required IFRP payments.

Mr. Floyd asserts two claims in his application for a writ of habeas corpus, the first and third claims for relief, in which he contends that the sentencing court improperly delegated its authority to establish a restitution payment schedule to the BOP. In his second claim for relief, Mr. Floyd asserts that the BOP has violated his constitutional right to due process by imposing sanctions for his failure to participate in the IFRP. Mr. Floyd also asserts as part of his second claim for relief that the BOP violated the Administrative Procedure Act (APA) by arbitrarily denying his grievances challenging the use of the IFRP to require him to make restitution payments.

The Court first notes that, to the extent Mr. Floyd is challenging the allegedly unlawful delegation of judicial authority by the sentencing court to the BOP in his first and third claims for relief, he actually is challenging the validity of his sentence. As a result, the Court lacks jurisdiction over those claims because any challenge to a federal prisoner's sentence must be asserted in the sentencing court in a motion pursuant to 28 U.S.C. § 2255. **See Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir. 1996).

The Court next will address Mr. Floyd's due process claim challenging the BOP's imposition of sanctions for his failure to participate in the IFRP. The IFRP "serves a

valid penological objective of rehabilitation by facilitating repayment of debts" and "is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." *Johnpoll v. Thornburgh*, 898 F.2d 849, 850-51 (2d Cir. 1990) (per curiam); *see Phillips v. Booker*, 76 F. Supp. 2d 1183, 1192-93 (D. Kan. 1999); *Prows v. United States Dep't of Justice*, 704 F. Supp. 272, 274-75 (D.D.C. 1988); *aff'd*, 938 F.2d 274. The IFRP became effective in 1987 to encourage inmates to meet their "legitimate financial obligations." 28 C.F.R. § 545.10; *see Prows v. Department of Justice*, 938 F.2d 274, 275 (D.C. Cir. 1991) (per curiam). Court-ordered restitution specifically is included among the various obligations that are subject to collection through the IFRP. *See* 28 C.F.R. § 545.11(a)(2).

"Every court to consider a challenge to the IFRP's constitutionality has upheld it." *Davis v. Wiley*, 260 F. App'x 66, 68 (10th Cir. 2008). "In sum, the BOP is . . . within its constitutional authority to establish and enforce payment amounts [Mr. Floyd] must make towards the court-ordered . . . restitution." *Id.* at 69. Therefore, Mr. Floyd's due process claim challenging the imposition of sanctions for his failure to participate in the IFRP lacks merit and will be dismissed.

Finally, to the extent Mr. Floyd is asserting a claim pursuant to the APA based on the denial of his administrative grievances, that claim also will be dismissed. Actions that may be reviewed under the APA include "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Mr. Floyd does not identify any statute authorizing review of his

challenge to the denial of his administrative grievances under the APA. Furthermore, the instant habeas corpus action provides an adequate forum to review Mr. Floyd's claim challenging the BOP's use of the IFRP to require him to pay court-ordered restitution, which allegedly was the subject of the administrative grievances Mr. Floyd filed. Therefore, the APA claim lacks merit. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this ___11___ day of ___Aug___, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01745-BNB

Robert L. Floyd
Reg No. 04526-067
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/12/09

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk